**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 30, 2026

Jessica Thrall, Esq.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

Re: United States v. Lana Ruel
Criminal No.

Dear Ms. Thrall:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Lana Ruel ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

As soon as practicable, Defendant will waive Indictment and plead guilty to an Information charging theft of government funds, in violation of 18 U.S.C. § 641. Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

Defendant agrees to the attached Statement of Facts.

In exchange for Defendant entering a plea of guilty, the Plymouth District Attorney's Office has agreed to dismiss its pending case numbered 2615CR000101 against Defendant in Brockton District Court.

2. Penalties

Defendant faces the following maximum penalties: incarceration for 10 years; supervised release for 3 years; a fine of the greater of $250,000 or twice the gross gain or loss to any person; a mandatory special assessment of $100; and restitution.

3. Sentencing Guidelines

The U.S. Attorney agrees based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19:

a) Defendant's base offense level is 6, because the offense of conviction has a statutory maximum term of imprisonment of 10 years (USSG § 2B1.1(a)(2);

b) Defendant's offense level is increased by 16, because the loss was more than $1,500,000 but less than $3,500,000 (USSG § 2B1.1(b)(1)(I));

c) Defendant's offense level is increased by 2, because the offense involved sophisticated means (USSG § 2B1.1(b)(10)(C);

d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1); and

e) Defendant's offense level is decreased by 2, because Defendant is a zero-point offender (USSG § 4C1.1).

Defendant agrees with the calculations set forth above, but reserves the right to argue that the enhancement in subparagraph (c) does not apply.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) 15 months' incarceration;

b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) restitution in an amount up to $$596,145.66.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence to the extent set forth in subparagraph (b), above will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence to the extent set forth in subparagraph (b), above, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Benjamin A. Saltzman.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: SETH KOSTO Digitally signed by SETH KOSTO Date: 2026.04.30 12:16:43 -04'00'

SETH B. KOSTO
Chief, Securities Financial & Cyberfraud Unit

Benjamin Saltzman

BENJAMIN A. SALTZMAN
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Lana Ruel

Lana Ruel
Defendant

Date: 6/11/26

I certify that Lana Ruel has read this Agreement and that we have discussed what it means. I believe Lana Ruel understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Jessica Thrall, Esq.
Attorney for Defendant

Date: 6/11/24

## STATEMENT OF FACTS

Defendant agrees to the accuracy of both the facts set forth in the accompanying Information and the facts below.

- In April 2024, Defendant incorporated L&E Global with the Massachusetts Secretary of State. Defendant then opened L&E Global accounts at several banks.

- In November 2024, Defendant incorporated Century Bullder LLC (sic) with the Massachusetts Secretary of State.

*Victim A*

- In November 2024, Victim A wired $11,119.30 to an L&E Global account at TD Bank.

- Defendant did not provide any services to Victim A.

*Victim Company B*

- In January 2025, Victim Company B wired $596,145.66 to an L&E Global account. After receiving the wire, Defendant transferred most of the funds to other L&E Global accounts. Defendant then transferred most of those funds to cryptocurrency accounts.

- Defendant did not provide any services to Victim Company B.

*Victim Agency C*

- In January 2026, following Defendant's arrest for the conduct described in the Information and her release from custody on the condition that she obey the law, Defendant obtained and attempted to cash a $157,707.74 check payable to Century Builder issued by Victim Agency C.

- Defendant did not provide any services to Victim Agency C.